UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

FRANK ANTHONY MORTON,

        Defendant.

_____/

No. CR 13-383 PJH

**PRETRIAL ORDER**

        This matter came before the court for a pretrial conference on September 24, 2014. At the pretrial conference, the court ruled on several motions and other pretrial issues as stated on the record and summarized below.  The court further ORDERS as follows:

**I.**    **Government's Motions in Limine**

        The government's unopposed motions in limine (1) to admit the expert testimony of DEA Special Agent Jim Bush and DEA Forensic Chemist Charmaine Qui on the topics specified in the motion; (2) to exclude references to potential sentences, fines or penalties; (3) to exclude irrelevant references to defendant's background and family situation; and (4) to prohibit reference in opening statements to facts that are not reasonably anticipated to be introduced at trial, are GRANTED as stated on the record.

        The government's motion in limine no. 5, to exclude reference to the DOJ's new electronic recording policy for statements made by individuals in federal custody, effective July 2014, is DENIED.  Pursuant to FRE 401, the evidence of the DOJ's current policy is relevant to defendant's argument that electronic recording is a more reliable method of memorializing an interview than note taking.  The court determines that evidence of the DOJ policy should not be excluded pursuant to FRE 403 because its highly probative value

United States District Court
For the Northern District of California

is not substantially outweighed by the danger of unfair prejudice to the government, confusion of the issues, misleading of the jury, or waste of time.  Furthermore, FRE 407 is not implicated here because defense counsel represent that they do not seek to introduce evidence of the DOJ policy to show negligence or culpability of the agents who interviewed defendant before the policy was implemented, but to demonstrate that electronic recording is considered reliable and recognized as a "best practice."

**II.   Coconspirator Statements**

As stated on the record, defendant has withdrawn his objections to the admissibility of the coconspirator statements proffered by the government.  The court determines that the government has sufficiently established the conditional admissibility of the coconspirator statements pursuant to FRE 801(d)(2)(E), subject to the evidence to be presented at trial.  *See United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)), *adopted in relevant part on reh'g en banc*, 495 F.3d 1094, 1096 n.4 (9th Cir. 2007).

**III.   Jury Instructions and Verdict Form**

As ordered at the hearing, the parties shall submit, by the first day of trial, a revised verdict form and a final set of jury instructions that includes Ninth Circuit Model Criminal Jury Instructions 7.1 through 7.6, as well as the instructions on use of electronic technology, which are attached as Appendix A.

The court defers ruling on the government's proposed instruction on deliberate ignorance, based on Ninth Circuit Model Criminal Jury Instruction 5.7, until the evidence is presented at trial.  The court denies defendant's request to instruct the jury with state court model instructions on sufficiency of circumstantial evidence and evidence of a defendant's statements, as stated on the record.

**IV.   Juror Questionnaire**

The court adopts in part the questions proposed by the parties, as incorporated in the attached juror questionnaire, Appendix B.  As stated on the record, defendant withdrew his proposed question concerning the race, ethnicity and national origin of the defendant,

United States District Court

For the Northern District of California

attorneys and witnesses.  The court declines to include questions proposed by the government that are cumulative or repetitive of the questions currently included in the questionnaire.  The parties shall meet and confer to propose modification to Question 22 regarding tendency to believe or disbelieve law enforcement witnesses.

**IT IS SO ORDERED.**

Dated:  September 25, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

**United States District Court**
For the Northern District of California

## APPENDIX A

### USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE

**Before Trial:**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the internet and other tools of technology.  You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

I hope that for all of you this case is interesting and noteworthy.

**At the Close of the Case:**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on

4

information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

United States District Court

For the Northern District of California

**APPENDIX B**

CONFIDENTIAL JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the court, do not write on the back of any page. If you need more room, continue at the bottom of the page. If there is anything on this form that you do not want to talk about in open court, please write "Private" beside the question number. Thank you for your cooperation.

1. Your name:_____

2. Your age:_____

3. The city where you live:_____

4. Your place of birth:_____

5. Do you rent or own your home? (circle one)  rent   own

6. Your marital status: (circle one)

   single   married   separated   divorced   widowed   live with partner

7. What is your occupation, and how long have you worked in it? (If you are retired, please write "retired" and describe your main occupation when you were working.)

   _____

8. Who is (or was) your employer?

   _____

9. How long have you worked (or did work) for this employer?_____

10. Please list the occupation of your spouse or partner.

    _____

11. If you have children, please list their age and gender and, if they are employed, please give their occupations.

    _____

    _____

12. Your educational background:

    Highest grade completed:_____

    College and/or vocational schools you have attended:
    _____

    _____

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Major areas of study:_____

2    13.    Have you ever served on a jury?

3    ____Yes    ____No

4    If yes, how many times in:

5    State/County Court_____    Federal Court_____

6    When _____

7    Civil or criminal case(s) _____

8    Did the jury(ies) reach a verdict?_____

9    Is there any reason that your prior jury service would affect your ability to be fair, objective, and impartial to both sides at this trial?

10   ____Yes    ____No

11   14.    Have you, or a close friend or family member, ever worked for a court or for any
12   prosecution or criminal defense office, including a district attorney's office, United States
     Attorney's Office, public defender's office, or a private criminal defense attorney's office?
13
     ____Yes    ____No
14
15   15.    Have you, or a close friend or family member, ever been employed by any law
     enforcement agency?
16   ____Yes    ____No

17   16.    Have you ever served in the military police or participated in a court martial?

18   ____Yes    ____No

19
20   17.    Have you, or a close friend or family member, been the victim of or witness to a
     crime?

21   ____Yes    ____No

22   If yes, please explain:

23   _____

24   _____

25   _____

26   18.    Have you, or a close friend or family member, ever been accused, arrested or
     convicted of any offense?
27
     ____Yes    ____No
28

7

1    If yes, please explain:

2    _____

3    _____

4    _____

5    19.    Have you, or a close friend or family member, ever had a negative experience with a
6    federal or state law enforcement officer or agency?

7    ____Yes     ____No

8    If yes, please explain:

9    _____

10   _____

11   _____

12   20.    Have you, or have any close relatives or friends, had any contact with the United
13   States Drug Enforcement Administration (DEA)?

14   ____Yes     ____No

15   a.    If yes, what was the nature of the contact?

16   _____

17   _____

18   _____

19   b.    Do you feel that you or your family member or friend was treated fairly by the
     DEA agents or employees?

20   ____Yes     ____No

21   21.    You will hear testimony in this case from agents of the Drug Enforcement
22   Administration.  Is there anything you may have experienced, seen, heard, or read about
     that would prevent you from fairly assessing the credibility of the witnesses from that
23   agency?

24   ____Yes     ____No

25   If yes, please explain:

26   _____

27   _____

28   _____

8

United States District Court
For the Northern District of California

22.     Would you consider the testimony of a law enforcement witness to be less or more credible than the testimony of any other witness because of his/her occupation in law enforcement?

_____ Less credible          _____ More credible          _____ No different

If your answer is less credible or more credible, please explain:

_____

_____

_____

23.     In this case, the defendant is charged with conspiracy to distribute and possess with intent to distribute cocaine, as well as possession with intent to distribute cocaine.  Is there anything about the nature of these charges that would make it difficult for you to be a fair and impartial juror?

_____Yes        _____No

If yes, please explain:

_____

_____

_____

24.     In this case, the defendant is charged with violations of federal law concerning conspiracy and possessing with intent to distribute cocaine.  If you are selected as a juror in this case, it will be your duty to apply federal law to the facts of this case.  Do you have any disagreement with federal narcotics laws?

_____Yes        _____No

a.      If yes, please identify which laws and explain why you disagree with them:

_____

_____

_____

b.      Do those feelings or opinions apply to all types of narcotics, or just certain narcotics?

_____

_____

_____

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

c.      Do you believe that any of those feelings or opinions will prevent you from being a fair and impartial juror in this case?

_____Yes        _____No

25.     Do you belong to, or support, any group which advocates the legalization of any type of drug?

_____Yes        _____No

26.     Do you understand that a defendant in a criminal case is presumed to be innocent unless proven guilty and that the burden of proof is upon the government to prove guilt beyond a reasonable doubt before there can be a conviction?

_____Yes        _____No

27.     Will you be able to presume the defendant in this case to be innocent ?

_____Yes        _____No

28.     Because the defendant is presumed innocent and the burden of proof is on the government to prove guilt beyond a reasonable doubt, the defendant need not testify, or present any witnesses or evidence.  In fact, the defendant has a constitutional right not to testify and to rely upon the presumption of innocence.  Will you be able to presume the defendant to be innocent if he chooses not to testify or not to present any witnesses or evidence?

_____Yes        _____No

29.     If, at the end of the case, you believe that the defendant is guilty beyond a reasonable doubt, will you be able to return a verdict of guilty?

_____Yes        _____No

30.     If, at the end of the case, you have a reasonable doubt as to the defendant's guilt, will you be able to return a verdict of not guilty?

_____Yes        _____No

31.     Will you be able to follow the law as the court gives it to you, even if you disagree with it or think it should be different?

_____Yes                _____No

32.     Do you practice a religion that has a doctrine that its members may not sit in judgment of another's conduct in a court of law in a criminal case?

_____Yes        _____No

33.     Is there any other reason, not addressed above, that would make it difficult for you to be a fair and impartial juror in this case?

_____Yes        _____No

10

If yes, please explain:

_____

_____

_____

<u>VERIFICATION</u>

I,_____, declare under penalty of perjury
               PRINT FULL NAME

under the laws of the State of California and the United States of America, that the
foregoing responses I have given on this juror questionnaire, and on any attached sheets,
are true and correct to the best of my knowledge and belief.


_____                    _____
    DATE                                                            SIGNATURE

11